# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3465 | **DATE** | 6/3/2004 |
| **CASE TITLE** | Anita Hodges-Williams vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff application for attorney fees under the Equal Access to Just Act [17-1] is denied as untimely. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 04 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/3/2004 | |
| DK | courtroom deputy's initials | | date mailed notice DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANITA HODGES-WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | No. 99 C 3465 |
| ) | |
| v. ) | Magistrate Judge Morton Denlow |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | DOCKETED |
| Defendant. ) | JUN 0 4 2004 |

## MEMORANDUM OPINION AND ORDER

This case comes before this Court on an application for $6,853.69 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff Anita Hodges-Williams ("Plaintiff"). Defendant Jo Anne B. Barnhart, the Commissioner of Social Security ("Commissioner"), argues that Federal Rule of Civil Procedure 58, as amended, bars the application as untimely. For the following reasons, the Plaintiff's application for attorney's fees under the EAJA is denied.

## I. BACKGROUND FACTS

Plaintiff was denied Social Security Disability Insurance Benefits in 1993 and 1995. Plaintiff then had a hearing before an Administrative Law Judge, who also denied her social security benefits. Plaintiff subsequently filed a complaint with the district court. Magistrate Judge W. Thomas Rosemond, Jr., issued a memorandum opinion and order on September 27, 2000, granting Plaintiff's motion for summary judgment and reversing and remanding the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

Judge Rosemond explained his reasoning in a twenty page written opinion. He attached the following minute order to the opinion:

>    (10) ■ [Other docket entry] Plaintiff's <u>Motion for Summary Judgment</u> is granted. Defendant's <u>Motion for Summary Judgment</u> is denied. For the reasons that follow, the Court **reverses** the Commissioner's final decision and **remands** this case for further proceedings.
>
>    (11) ■ [For further detail see order attached to the original minute order.]

*Williams v. Apfel*, No. 99 C 3465 (N.D. Ill. minute order Sept. 27, 2000) (emphasis in original). The minute order and opinion were entered in the civil docket on September 29, 2000. (Dkt. #15).

Plaintiff has provided a time log indicating that her attorney received Judge Rosemond's decision on September 27, 2000. Pl. Appl., Appx. Ex. B. The September 27, 2000 time entry reads in relevant part as follows: "Received Court Order granting our Motion for Summary Judgment and remanding the case back to SSA for further proceedings." However, no action to seek EAJA fees was taken following the entry of the minute order and opinion until Plaintiff applied for attorney's fees on February 18, 2004.

In the meantime, on April 29, 2002, Rule 58 was amended to make an order final 150 days after its entry in the civil docket in the event a separate document was not filed. 207 F.R.D. 50, 53 (2002); Fed. R. Civ. P. 58(b)(2)(B). The amendment became effective on December 1, 2002. 207 F.R.D. 50, 53 (2002).

On February 18, 2004, Plaintiff applied for attorney's fees in the amount of $4,637.31 pursuant to the EAJA for the work performed before Judge Rosemond. On April 26, 2004,

2

Plaintiff applied for an additional $2,216.38 for the time expended in the EAJA litigation. Because Judge Rosemond is retired, the case has been reassigned to this Court.

The parties agree that Judge Rosemond did not enter a final judgment by means of a separate document. However, the Commissioner contends that the 2002 amendment to Federal Rule of Civil Procedure 58 applies to this case. Therefore, the Commissioner maintains that Plaintiff's application for fees was barred as of July 28, 2003.

Plaintiff argues that the amendment does not apply and maintains that, absent an effective final judgment, her claim for attorney's fees is premature.

## II. ISSUES PRESENTED

1. Whether the minute order issued September 27, 2000 constitutes a separate document pursuant to Federal Rule of Civil Procedure 58.

   Answer: No.

2. Whether the 2002 amendment to Federal Rule of Civil Procedure 58 should be applied to bar Plaintiff's EAJA application for attorney's fees.

   Answer: Yes.

## III. APPLICABLE STATUTES AND RULES

### A.  42 U.S.C. § 405(g)

42 U.S.C. § 405(g) permits remand of denials of social security benefits to the Commissioner in two situations: (1) under sentence four when affirming, modifying, or reversing the Commissioner's decision, and (2) under sentence six, when new and material evidence is found with good cause shown for failing to present the evidence earlier, and

under which no substantive ruling is made prior to the remand. *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991). Under a sentence six remand, a court retains jurisdiction over a case. *Id.* However, a sentence four remand is a final judgment, and a court relinquishes jurisdiction over a case. *Id.* Under a sentence four remand, the filing period for an EAJA award "begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable. 28 U.S.C. § 2412(d)(2)(G)." *Id.* at 102.

## B. ATTORNEY'S FEE AWARDS UNDER THE EAJA

The EAJA permits a prevailing party to recover attorney's fees unless the government's position was substantially justified or special circumstances make the award of fees unjust, and provides that "[a] party seeking an award of [attorney's] fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A party has sixty days to appeal following the entry of judgment in an action against a federal agency. Fed. R. App. P. 4(a). Therefore, the thirty-day period provided by the EAJA begins to run sixty days after the entry of judgment. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

## C. FEDERAL RULES OF CIVIL PROCEDURE 54 AND 58 PRIOR TO 2002

Rule 54(a) of the Federal Rules of Civil Procedure defines a "judgment" as including a "decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 58 defines a "final judgment." A final judgment must be set forth on a separate document, and is effective only when entered in the civil docket as provided in Rule 79(a). Fed. R. Civ. P. 58.

(2001). When taken together, the rules define a final judgment as "any order, entered as a separate document in the court's docket, that signifies the end of litigation and begins the period in which an appeal may be brought." *Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1031 (N.D. Ill. 2000). However, prior to 2002 Rule 58 did not address when and if a judgment could become final when the separate document requirement was not met.

## D. STANDARD FOR FINAL JUDGMENT UNDER AMENDED RULE 58

Federal Rule of Civil Procedure 58 was amended effective December 1, 2002. It now provides that if a judgment requires a separate document, the judgment is deemed "entered" 150 days after it is entered in the civil docket under Rule 79(a) even though no separate document is issued. Fed. R. Civ. P. 58(b)(2)(B). The purpose of this amendment is "to ensure that appeal time does not linger on indefinitely," and was created because courts had not been diligent in filing a separate document setting forth a judgment pursuant to the requirements of Rule 58(a). Fed. R. Civ. P. 58, Advisory Committee Notes to the 2002 Amendments. This amendment is to be applied in civil cases commenced after December 1, 2002, "and, insofar as just and practicable, all proceedings then pending." 207 F.R.D. 50, 53 (2002).

The amendment affects the time within which a social security claimant can file an EAJA application. If a separate document is not filed by the district court upon remand of a case to the Commissioner, then 150 days must pass before the judgment is deemed entered. Fed. R. Civ. P. 58(b)(1)(B). The parties then have sixty days to file a notice of appeal. Fed.

5

R. App. P. 4(a)(1)(B). If no appeal is taken, the plaintiff then has an additional thirty days to file an EAJA fee application. 28 U.S.C. § 2412. Thus, if no separate judgment is entered on the docket, a plaintiff could have a total of 240 days from the date of a sentence four remand to apply for an EAJA award.

## IV. DISCUSSION

Under the current Federal Rules of Civil Procedure, a final judgment is effective (1) if it is contained in a separate document and recorded in the civil docket, or (2) when 150 days have run from entry in the civil docket. Fed. R. Civ. P. 58(b)(2). In this case, Plaintiff can prevail only if the September 27, 2000 minute order does not constitute a separate document under Federal Rule of Civil Procedure 58 and the 2002 amendment of Rule 58 does not apply. Under these circumstances, Plaintiff's application is premature until a final judgment by means of a separate document is entered. On the other hand, if Plaintiff cannot satisfy both conditions, her petition is time barred.

### A. THE MINUTE ORDER IN THIS CASE DOES NOT SATISFY THE SEPARATE DOCUMENT REQUIREMENT.

The Seventh Circuit has determined that a minute order fulfills the separate document requirement of Rule 58 when it meets two requirements. First, the order must set forth a judgment that is "self-contained and complete." *Am. Nat'l Bank & Trust Co. v. Sec'y of Hous. & Urban Dev.*, 946 F.2d 1286, 1289 (7th Cir. 1991). Second, the order must set forth "the relief to which the prevailing party is entitled." *Id.*

In *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994), the district court entered a minute order denying the defendant's petition for relief from conviction. Subsequently, the defendant filed a notice of appeal more than thirty days after the entry of the court's minute order. *Id.* The court held that the minute order constituted a separate document under Rule 58 and that the defendant did not timely file his appeal. *Id.* The court reasoned that the minute order "is self-contained and complete, sets forth the relief to which the prevailing party is entitled, does not incorporate another document or other legal reasoning, and otherwise unambiguously communicates the district court's final disposition of the proceedings" as required by Rule 58. *Id.* Finality was not destroyed even though the minute order box "[Other docket entry]" was checked. *Id.*

In *Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1032 (N.D. Ill. 2000), this Court found that its minute order satisfied the Rule 58 separate document requirements. As the basis for its decision, this Court cited the language of the order, which provided in part:

> It is therefore ordered that a judgment be entered reversing the Commissioner's decision with remand to the agency for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

*Id.* Because the order in *Dinunzio* "clearly set forth a judgment that is self-contained and complete and includes the relief to which the prevailing party is entitled" the separate document requirement was met. *Id.* The minute order set forth relief by stating that the judgment reversed and remanded the Commissioner's decision. *Id.* Furthermore, it did not refer to any other document or require the reader to look elsewhere for the reasons underlying

the decision. *Id.* Finally, the minute order referenced sentence four of 42 U.S.C. § 405(g) as the basis for the remand. *Id.*

In contrast to the minute orders in *Hope* and *Dinunzio*, the document used in *Reytblatt v. Denton*, 812 F.2d 1042, 1044 (7th Cir. 1987), did not satisfy the separate document requirement of Rule 58. Upon termination of litigation with respect to the plaintiff, the district court entered the following judgment order:

> Insofar as the Court has determined that the defendant is protected by absolute privilege it is unnecessary to determine whether defendant was properly served or whether venue is proper.

*Id.* The court held that the entry did not constitute a separate document under Rule 58 and that therefore there was no effective final judgment from which the plaintiff could appeal. The court reasoned that the document "refers the court back to the opinion" and that the vague language "does not state how 'far' the court has actually determined" that the defendant is protected by absolute immunity. *Id.* at 1044. Furthermore, the court reasoned that the document "contains neither an award of relief nor a declaration that the case is concluded" and therefore did not satisfy Rule 58. *Id.*

Similarly, the court in *Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco & Firearms*, 812 F.2d 1044, 1045 (7th Cir. 1987), found that the minute order issued by the district court was not a separate document under Rule 58. The minute order stated:

> Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. (See draft for particulars) ENTER MEMORANDUM OPINION AND ORDER.

*Id.* In addition, the clerk checked the box marked "[Other docket entry]." *Id.* The court held that the minute order was not self-contained and complete because it referred to the opinion for "particulars" and because the "[Other docket entry]" box was checked. *Id.* Furthermore, the court reasoned that "although the minute order grants [the plaintiff's] motion for summary judgment," it neither indicates whether the order is the terminating order nor describes the relief to which the plaintiff is entitled and thus does not satisfy either part of the Rule 58 separate document requirement. *Id.*

By stating "for the reasons that follow," Judge Rosemond's minute order incorporates the opinion attached to it. The only "reasons that follow" are contained in the memorandum order and opinion attached to the minute order and require the reader to refer to the opinion to learn the specific reasons for the decision. As such, the minute order is not self-contained. Furthermore, although it is unclear whether the fact that the box marked "[Other docket entry]" was checked on the minute order destroys the finality of the order, it is clear that finality is destroyed because the minute order is not complete as it does not refer to sentence four as the basis for the remand. Such a basis is important to finality because under the Social Security Act a court retains jurisdiction over a sentence six remand but not a sentence four remand. Thus, a sentence four remand is a final judgment. Therefore, the reasons for the remand are unclear and the minute order is not "self-contained and complete" and is not

a separate document under Rule 58. Consequently, prior to the amendment to Rule 58, there was no effective final judgment in this case. As such, under Rule 58 in effect prior to 2002, the sixty days required for appeal have not run. Plaintiff's claim for attorney's fees is premature unless the 2002 Rule 58 amendment applies.

## B. THE APPLICATION OF AMENDED RULE 58 IS JUST AND PRACTICABLE

The Supreme Court directed that the 2002 amendment to Federal Rule of Civil Procedure 58 would take effect on December 1, 2002, and would govern "all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 207 F.R.D. 50, 53 (2002). The first issue is the meaning of the phrase "just and practicable." The second issue is whether it is "just and practicable" to apply the 2002 amendment in this case.

### 1. The "Just and Practicable" Standard

Neither the Supreme Court nor the Seventh Circuit has dealt directly with the application of the term "just and practicable" to the 2002 Rule 58 amendment. However, the Tenth Circuit applies the term directly to the Rule 58 amendment under the "maximum extent possible" standard. A review of the genesis of this standard reveals that the Seventh Circuit effectively uses the same standard under the label of "no prejudice or injustice" when determining whether it is "just and practicable" to apply other amended rules to cases.

In *United States v. Sam*, 73 Fed. Appx. 335, 337 (10th Cir. 2003), the district court entered a final order denying the defendant's petition on April 18, 2002, but failed to file a separate document as required by Rule 58. *Id.* The defendant, who was proceeding *pro se*,

10

was confused as to the finality of the order, and requested an interlocutory appeal on November 4, 2002. *Id.* Although the separate document requirement was not met, the court held that it would be "just and practicable" to deem the judgment denying the defendant's petition to have been entered on September 15, 2002, 150 days after it was entered in the civil docket, thus making the defendant's notice of appeal timely. *Id.* The court, applying a "maximum extent possible" standard, reasoned that, because the defendant was *pro se* and confused about the finality of the order, the court would assist the defendant and permit the application of the amendment. *Id.*

The court in *Sam* relied on *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995), to define the "maximum extent possible" standard. In *Espinoza*, the court held that a 1993 amendment and recodification of Rule 4(j) into Rule 4(m) granted greater discretion to district courts to allow untimely service and permitted application of the amendment to the plaintiff's claim because it would be "just and practicable" to apply the amendment to the "maximum extent possible." *Id.* 839-40.

The court in *Espinoza* cited to *Burt v. Ware*, 14 F.3d 256 (5th Cir. 1994), to define the "maximum extent possible" standard. In *Burt*, the court applied amended Federal Rule of Appellate Procedure 4(a)(4) to a petitioner's notice of appeal filed before the amendment was enacted. The court held that the application of the amendment was "just and practicable," reasoning that under the Supreme Court's directives permitting application of the amendment to "proceedings then pending . . . to the extent that . . . application of such rule in such

proceedings would work injustice" could be applied to the "maximum extent possible" as it did not "work injustice." *Id.* at 259. The court found that neither party would be prejudiced by the amendment, which treated as dormant a notice of appeal until after the determination of a post-judgment motion, but that the respondents simply would lose a potential "windfall" of having the appeal dismissed. *Id.* at 260.

This line of cases illustrates that application of the Rule 58 amendment is "just and practicable" whenever possible so long as there is no injustice. This application is consistent with the Seventh Circuit's interpretation of the term "just and practicable." For example, in *Cleveland v. Porka Co.*, 38 F.3d 289, 293 (7th Cir. 1994), the court permitted the plaintiffs to appeal although the notice of appeal failed to list the names of all of the persons taking the appeal, as required by then-applicable Rule 3(c). Amended Rule 3(c) provided that an "appeal will not be dismissed for . . . failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c), *quoted in Cleveland*, 38 F.3d at 294. Although the amended rule came into effect after the notice of appeal was filed, the court reasoned that it was "just and practicable" to apply it to the pending case because "the defendants will suffer no prejudice or injustice by this appeal going forward." *Cleveland*, 38 F.3d at 294. Similarly, in *United States v. Powers*, 168 F.3d 943, 946 (7th Cir. 1999), the Seventh Circuit applied the 1998 amendments to Rule 4 of the Federal Rule of Appellate Procedure to a pending case because the changes were "purely stylistic." The application of

the amended rule resulted in the dismissal of the appeal for mootness. *Id.* at 949. A similar result would have occurred under the prior version of the rule. *Id.* at 948.

Thus, the circuit courts have applied amendments to a pending case whenever possible so long as no prejudice or injustice would result to the parties. Therefore, the "just and practicable" standard is to apply amended Rule 58 to the "maximum extent possible" so long as no "prejudice or injustice" would result.

### 2. Application of the "Just and Practicable" Standards

The Court concludes that it is "just and practicable" to apply amended Rule 58 to this case because the failure to file the EAJA petition earlier was the result of inaction on the part of Plaintiff's counsel, and not because of any action by the Commissioner or by the Court.

This is a social security case that was remanded under sentence four of 42 U.S.C. § 405(g). Such a remand is a final judgment. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). This proposition was well established at the time of the September 27, 2000 decision. *Melkonyan v. Sullivan*, 509 U.S. 89, 102 (1991). Plaintiff was free to file her EAJA petition in 2002 but did not do so. Plaintiff is now relying on a hyper-technicality to make her already filed petition premature. The only reason Judge Rosemond's decision is not a final judgment, according to Plaintiff, is because the minute order is not a sufficient "separate document" under Rule 58. However, the purpose of the 2002 amendment to Rule 58 was to prevent an indefinite time for appeal. Fed. R. Civ. P. 58, Advisory Committee notes to the 2002 Amendment.

Plaintiff's counsel had knowledge of Judge Rosemond's September 27, 2000 sentence four final order, and nevertheless chose to wait until February 18, 2004 to apply for EAJA fees. The Advisory Committee notes to the 2002 amendments indicate that "it hardly seems fair to give a party who does receive notice of a judgment an unlimited time to appeal, merely because the judgment was not set forth on a separate piece of paper." This logic applies equally to an EAJA fee application. Plaintiff offers no explanation as to why she allowed forty-one months to pass before making an EAJA application. In addition, Plaintiff never attempted to obtain a separate final judgment before making the fee application. Consequently, no injustice will result from the application of the 2002 Rule 58 amendment to this pending proceeding.

In addition, injustice would result to the Commissioner if the amended Rule were not applied. The parties treated Judge Rosemond's decision as final because the case proceeded before the Commissioner on remand under sentence four of 42 U.S.C. § 405(g). Having accepted the benefits of the decision, Plaintiff also must accept the burden of filing a timely EAJA petition. Plaintiff points to no action on the part of the Commissioner to justify the late filing of the fee application. Therefore, it is neither prejudicial nor unjust to apply amended Rule 58 to this case.

### 3. Running of the 150 Days Required for a Final Judgment When Applying the Amendment to a Pending Proceeding

This Court will apply the 2002 amendment to Rule 58 effective as of December 1, 2002. The 150 days required for an effective final judgment without a separate document

in this case began to run from December 1, 2002, and therefore the judgment became final on April 29, 2003. The time for appeal expired on June 28, 2003, and the EAJA application time expired on July 28, 2003. Because the EAJA application was filed on February 18, 2004, it is untimely.

## V. CONCLUSION

Although the September 27, 2000 minute order was entered into the civil docket pursuant to Federal Rule of Civil Procedure 79(a), it does not constitute a separate document under Rule 58 because it is not "self-contained and complete." However, it is "just and practicable" to apply the 2002 amendment to Rule 58 in this case. Under the amended rule, Plaintiff's application for attorney's fees was due no later than July 28, 2003. Therefore, **Plaintiff's application for attorney's fees under the EAJA is denied as untimely.**

**SO ORDERED THIS 3rd DAY OF JUNE, 2004.**

*Morton Denlow*
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

David A. Bryant  
Marcie E. Goldbloom  
DALEY, DEBOFSKY & BRYANT  
One N. LaSalle Street  
Suite 3800  
Chicago, IL 60602

Counsel for Plaintiff

Kathryn A. Beverly  
SPECIAL ASSISTANT  
UNITED STATES ATTORNEY  
200 West Adams Street  
30th Floor  
Chicago, IL 60606

Counsel for Defendant