# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANITA HODGES-WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 99 C 3465 |
| ) | |
| v. ) | Magistrate Judge Morton Denlow |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before this Court on a petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("§ 406(b)"), filed by Petitioner David A. Bryant ("Petitioner"), one of the attorneys for Plaintiff Anita Hodges-Williams ("Plaintiff"). Petitioner seeks 25% of the total past-due benefits awarded by Defendant Jo Anne B. Barnhart, the Commissioner of Social Security ("Commissioner"), following remand from this Court. Commissioner argues that Petitioner is only entitled to attorney's fees for services performed before the Court, not the Commissioner, that the assignment was improper, and that the fees sought are excessive. For the following reasons, Petitioner's motion for attorney's fees under § 406(b) is granted in the amount of $9,275.00.

## I. BACKGROUND FACTS

This case has a long history. Plaintiff was denied Social Security disability insurance benefits in 1993 and 1995. Plaintiff then appealed and an Administrative Law Judge ("ALJ")

also denied her social security benefits. Plaintiff, represented by attorney David Menchetti ("Menchetti") at the time, subsequently filed a complaint in this Court challenging the Commissioner's decision. Magistrate Judge W. Thomas Rosemond, Jr., issued a memorandum opinion and order on September 29, 2000, granting Plaintiff's motion for summary judgment and reversing and remanding the case to the Commissioner for further proceedings. *Hodges-Williams v. Apfel*, No. 99 C 3465, 2000 WL 34342277 (N.D. Ill. Sept. 29, 2000). A total of 26.50 hours were billed for services performed before the Court for the favorable judgment of remand. Pl. Appl., Appx. Ex. B. All of the hours logged and provided to this Court were performed by Menchetti, prior to his referral of the case to Petitioner on November 4, 2003.

On February 18, 2004, Petitioner applied for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner argued that Federal Rule of Civil Procedure 58 ("Rule 58"), as amended in 2002 by the Supreme Court, barred the application as untimely. This Court agreed and denied Petitioner's application for attorney's fees under the EAJA as untimely. *Hodges-Williams v. Barnhart*, 221 F.R.D. 595 (N.D. Ill. 2004).

Petitioner continued to represent Plaintiff on proceedings before the Commissioner and subsequently prevailed on remand when the ALJ issued a favorable decision on March 19, 2005, awarding benefits back to February of 1993. A written notice of the social security award was issued by the Commissioner on June 7, 2005. Pet. for Att'y Fee Ex. A. The Commissioner awarded Plaintiff $106,799.00 in total past due benefits. Of this amount,

$26,699.75 representing 25% of the benefits was withheld by the Commissioner to pay any approved attorney's fees.

On August 8, 2005, the Petitioner filed a request that this Court award the full amount of 25% in attorney's fees for administrative[1] and court work. Petitioner argues that the Court has jurisdiction and is permitted under § 406(b)(1) to award reasonable attorney's fees not to exceed 25% of past due benefits. Petitioner contends that all services performed before the Court on the remand action should be compensated and assigned from Menchetti to Petitioner. The Commissioner contends that the Court is not permitted to award fees for Petitioner's efforts before the Commissioner, that the assignment of fees is not effective, and that the fee request for 25% of the benefits withheld is excessive.

## II. ISSUES PRESENTED

1. Whether this Court has jurisdiction to award attorney's fees under § 406(b) where the Court rendered a favorable judgment of remand that later resulted in an administrative award of disability benefits.

    Answer: Yes.

2. Whether an attorney can assign his right to § 406(b) fees to another attorney that took over the case for the assigning attorney.

    Answer: Yes.

3. What constitutes a reasonable attorney's fee for work performed before the Court that resulted in a remand to the Commissioner?

---

[1] During oral argument, Petitioner withdrew his request for fees for time spent at the administrative level and he preserved his right to pursue those fees before the Commissioner. Therefore, this Court will only address Petitioner's request for fees for time spent before this Court.

Answer: $350 per hour for the 26.50 hours performed in obtaining the remand.

### III. DISCUSSION

**A. THIS COURT MAY AWARD ATTORNEY'S FEES FOR A REMAND JUDGMENT THAT RESULTED IN THE AWARD OF SOCIAL SECURITY BENEFITS AT THE ADMINISTRATIVE LEVEL.**

Fees for representation of social security claimants, both administratively and before the Court, are governed by § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(a) governs attorney's fees in administrative proceedings and § 406(b) controls attorney's fees for representation before a district court. *Id.* Since Petitioner withdrew his request for fees for his work at the administrative level, § 406(b)(1) is the applicable section. Pursuant to § 406(b)(1), "Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

Some courts have found that attorney's fees cannot be awarded under § 406(b)(1) when the district court merely remanded the case back to the Commissioner and did not render a judgment awarding benefits to plaintiff.[2] Such courts adhered to a strict

---

[2] *See McGraw v. Barnhart*, 370 F. Supp. 2d 1141, 1144 (N.D. Okla. 2005) (holding that it lacks authority to award § 406(b)(1) fees absent a judgment by the court that entitles claimant to past-due benefits); *Hoffman v. Chater*, 924 F. Supp. 117 (D. Kan. 1996) (denying motion for fees because the court remanded the case and judgment did not entitle fees); *Durant v. Chater*, 906 F. Supp. 706 (D. Mass. 1995) (holding it could not award fees under § 406(b) for remanding the action to the Commissioner, but petitioner as

4

interpretation of the language of § 406(b)(1). For example, in *McGraw v. Barnhart*, 370 F. Supp. 2d 1141, 1144 (N.D. Okla. 2005), the court acknowledged that a remand is a favorable judgment for the claimant. However, referencing the statutory language, *McGraw* noted that a "judgment which merely remands the action for further proceedings by the [Commissioner] does not equate to a claimant being entitled to past due benefits 'by reason of' the [c]ourt's judgment." *Id.* Furthermore, *McGraw* stated that § 406(b)(1) allows the court "as part of its judgment" to determine a reasonable fee for representation, yet the court cannot include, as part of its judgment and order of remand, "a finding of reasonable attorney's fees when the judgment merely remands the action for additional proceedings, and at the time of remand it remains unknown as to whether or not [p]laintiff will receive benefits." *Id.*

The Seventh Circuit interprets § 406(b)(1) differently. In *Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir. 1987)[3], the court held that a literal reading of § 406(b)(1) "leads to an

---

the prevailing party could recover EAJA attorney's fees for work performed before the court); *Elliot v. Gardner*, 279 F. Supp. 875 (N.D. Ohio 1967) (holding that since the Court's remand judgment is not a judgment on the merits of benefits, it does not justify a judicial allowance of attorney's fees); *Duke v. Gardner*, 387 F.2d 336 (5th Cir. 1967) (denying attorney's fees on court's remand because the Commissioner, not the court, found in favor of benefits for the plaintiff).

[3] The procedural history in *Smith* involved the district court granting summary judgment and ordering the Commissioner to award the claimant benefits. Notwithstanding the different procedural history in the instant case, the Seventh Circuit's findings and rationale in *Smith* apply with equal vigor to this case. Had Judge Rosemond granted summary judgment and ordered the Commissioner to determine the amount of past-due benefits, this Court would still have been precluded from including attorney's fees in its judgment. Like the district court in *Smith*, this Court must know the amount of the past-due benefits in order to assess the appropriate fee amount.

unreasonable result because a court cannot usually 'determine' the amount of the fee award at the time of the judgment...." Therefore, "[r]eading the statute as a whole," the Seventh Circuit does not "believe Congress meant that the only time at which fees could be awarded is the time of judgment." *Id.* Because § 406(b)(1) authorizes the attorney to be paid directly out of the claimant's past-due benefits, "Congress intended to make it easier, not harder for attorneys to collect their fees." *Id.* Moreover, a rule mandating that fees may only be awarded at the time of judgment could dissuade attorneys from representing social security claimants, and the Seventh Circuit is "convinced that such a result was totally unanticipated by Congress and contravenes their express goals in enacting § 406(b)(1)." *Id.* Thus, a more appropriate interpretation of § 406(b)(1) "is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute." *Id.*

The court in *Mathus v. Heckler*, 661 F.Supp. 241, 243 (N.D. Ill. 1987), addressed the same procedural scenario as does this Court. The *Mathus* court did not decide the merits of the claimant's case but merely remanded the case back to the Commissioner for further proceedings. *Id.* at 241-242. The claimant was then awarded disability benefits by the Commissioner, and the court noted that "[claimant's] favorable decision was ultimately obtained solely as a result of the [Commissioner's] application of new standards." *Id.* at 242. Notwithstanding the fact that the *Mathus* court's decision was not a substantive remand, the court awarded attorney's fees under § 406(b)(1) and found that "[u]nder the clear language of § 406(b)(1), this court has the discretion to award attorney's fees for the work performed before it." *Id.* at 243.

In the instant case, this Court issued a favorable judgment remanding Plaintiff's case back to the Commissioner for further proceedings. The Commissioner then awarded Plaintiff benefits. In light of *Smith* and *Mathus*, this Court has jurisdiction to award attorney's fees pursuant to § 406(b)(1) for the work performed before Judge Rosemond.

**B.  AN ATTORNEY CAN ASSIGN HIS § 406(b) FEES TO ANOTHER ATTORNEY.**

Petitioner claims that Menchetti validly assigned his right to § 406(b) fees to Petitioner. Petitioner attached a letter from Menchetti to his Petition For Attorney Fee Pursuant to § 206(b)(1) that assigned him Menchetti's EAJA fees. In its response, the Commissioner argued that it appeared § 406(b) fees are not assignable due to the language in § 407. However, the Commissioner asserted that the validity of the assignment need not be determined by the Court because it was clear that Menchetti only assigned the right to his EAJA fees, not his § 406(b) fees. Petitioner then attached to his reply a signed, October 5, 2005 letter from Menchetti that states, "I hereby assign my right to collect 406(b) fees and all other fees in this case to David A. Bryant and Daley, DeBofsky & Bryant. Furthermore, I support Mr. Bryant's petition for 406(b) fees as his contribution to this case resulted in a favorable result for Ms. Hodges-Williams." Pet. Reply Ex. A. Menchetti has clearly attempted to assign his right to § 406(b) fees to Petitioner. Therefore, the issue is whether § 407 permits such an assignment. This Court holds that it does.

First, the plain language of § 407[4] does not reach the assignment of § 406(b) fees from one attorney to another. The purpose of "the exemption created by Congress in ... § 407 is to protect social security beneficiaries from creditors' claims." *Dionne v. Bouley*, 757 F.2d 1344, 1355 (1st Cir. 1985). Section 407 is designed to protect the claimant. In this case, notwithstanding § 407, an attorney is entitled to § 406(b) fees. Therefore, it does not matter to Plaintiff whether Menchetti or Petitioner receives the § 406(b) fees. Simply stated, § 407 has no bearing on which attorney ultimately receives the fees in this case.

Second, even if § 407 applied to the assignment between Menchetti and Petitioner, Menchetti's assignment to Petitioner complies with § 407. Pursuant to § 407(a), "The right of any person to any *future payment* under this subchapter shall not be transferable or assignable...." 42 U.S.C. 407(a) (emphasis added). An attorney's fee granted under § 406(b)(1) is paid out of, not in addition to, the amount of the past-due benefits. *Gisbrecht*, 535 U.S. at 795. Thus, the court in *Celebrezze v. Sparks*, 342 F.2d 286, 288 (5th Cir. 1965), found it "clear that [§ 407] applies only to a 'future payment' whereas [an attorney's fee] deals solely with past due benefits." Because § 407 prohibits the assignment of future payments and § 406(b) fees stem from past-due benefits, Menchetti's assignment to Petitioner does not run afoul of §407. Menchetti validly assigned his right to § 406(b) fees

---

[4] "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C.A. § 407(a)

8

to Petitioner.

**C.    $350 PER HOUR IS A REASONABLE ATTORNEY'S FEE IN THIS CASE.**

Petitioner moves this Court to award him $26,699.75, which is 25% of the past-due benefits awarded to Plaintiff. Petitioner and Plaintiff entered into a contingent-fee agreement that allows Petitioner to request a fee of up to 25% of Plaintiff's total past-due benefits. While Petitioner initially argued that he was entitled to such a fee for his work both before this Court and at the administrative level, at oral argument he agreed that § 406(b) only entitles him to fees for work performed before this Court. A total of 26.50 hours were logged in obtaining the remand before Judge Rosemond.

Pursuant to § 406(b)(1), this Court may allow "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. Contingent-fee agreements are allowed under § 406(b), but the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results...." *Gisbrecht*, 535 U.S. at 807. In *Gisbrecht*, the Supreme Court found that "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. The Court noted that one situation that mandates a downward adjustment is where the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience,

reputation, and ability; and awards in similar cases. *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989). Finally, the attorney for the successful claimant has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gilbrecht,* 535 U.S. at 807.

In this case, Menchetti successfully represented Plaintiff before the Court and obtained a remand. While such a remand was vital to Plaintiff receiving disability benefits, the majority of the work enabling Plaintiff to receive her award occurred before the Commissioner. Moreover, only 26.50 hours were logged before this Court. The Court recognizes that counsel risked substantial loss due to the contingency nature of the representation in this case. The Court also acknowledges that both Menchetti and Peitioner are skilled attorneys who successfully obtained an award of benefits for Plaintiff. However, allowing a fee of $26,699.75 for 26.50 hours does not seem reasonable to this Court. Such an award would amount to an hourly rate of more than $1,000 per hour.

Based on the Court's many years of experience in private practice and almost ten years of experience in assessing attorney's fees in a variety of cases, this Court awards Petitioner an attorney's fee of $350.00 per hour for each of the 26.50 hours logged for a total of $9,275.00. Such a fee represents reasonable compensation and is without prejudice to Petitioner seeking additional fees before the Commissioner.

## IV. CONCLUSION

For the reasons set forth in this opinion, Petitioner's motion for attorney's fees under § 406(b)(1) is granted at a rate of $350.00 per hour for 26.50 billable hours, totaling $9,275.00, for work performed before the Court in the remand action. The Court enters judgment in favor of Petitioner David A. Bryant and against the Commissioner of Social Security in the amount of $9,275.00.

**SO ORDERED THIS 6TH DAY OF DECEMBER, 2005.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

David A. Bryant
DALEY, DEBOFSKY & BRYANT
One N. LaSalle Street, Suite 3800
Chicago, IL 60602

Counsel for Plaintiff

Kathryn A. Beverly
SPECIAL ASSISTANT
UNITED STATES ATTORNEY
200 West Adams
30th Floor
Chicago, IL 60606

Counsel for Defendant